UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RELANDA YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00653 SEP |
| | ) |
| GENE SLAY'S GIRLS & BOYS CLUB | ) |
| of ST. LOUIS | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is a motion to dismiss Defendants Earl Strauther and Robert Puricelli from Plaintiff's Complaint. Doc. [4]. For the reasons set forth below, the motion is granted.

This case arises out of the termination of Plaintiff Relanda Young's employment with Defendant Gene Slay's Girls and Boys Club of St. Louis (GSGBCSTL). Doc. [7]. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. *Id*. Plaintiff brings claims against GSGBCSTL and against two of her former supervisors, Defendants Strauther and Puricelli. Strauther and Puricelli move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6)[1] for failure to state a claim, asserting that Title VII does not impose liability on supervisors or co-workers.

The Court agrees that Plaintiff's Title VII claims against Strauther and Puricelli are subject to dismissal. The Eighth Circuit Court of Appeals "has squarely held that supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District,* 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); *see also Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998) (same). Therefore, Plaintiff fails to state a claim against Strauther and Puricelli upon which relief can be granted.

Accordingly,

---

[1] The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and construes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989). To survive a motion to dismiss, a complaint must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**IT IS HEREBY ORDERED** that Defendants Earl Strauther and Robert Puricelli's Motion to Dismiss Plaintiff's Complaint against them as individuals (Doc. [4]) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Earl Strauther and Robert Puricelli are **DISMISSED**.

A separate Partial Order of Dismissal will be entered on this same date.

Dated this 9th day of June, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE